WESTERN PRECIPITATION CORPORATION, PETITIONER, *v.* CHARLES B. HENDERSON, HENRY A. MULLIGAN, HOWARD J. KLOSSNER, SAM H. HUSBANDS, CHARLES T. FISHER, JR., CONSTITUTING THE BOARD OF DIRECTORS OF THE RECONSTRUCTION FINANCE CORPORATION, RESPONDENTS.

Docket No. 192–R. Promulgated October 31, 1947.

*George Bouchard, Esq.*, for the petitioner.
*Julian R. Wilheim, Esq.*, for the respondents.

880

OPINION.

LEECH, *Judge*: The burden is upon petitioner to establish that the profits it realized in 1942 upon its renegotiable sales were not excessive, or excessive in an amount less than $10,000. *Nathan Cohen*, 7 T. C. 1002; *Aircraft Screw Products Co.*, 8 T. C. 1037. Upon careful consideration of the evidence, it is our conclusion that it has failed to carry that burden.

The record shows clearly to our satisfaction that petitioner's risks from its war business were no more than those it faced in normal prewar times, and that its risks with respect to its renegotiable business were no greater than those faced with respect to its regular non-renegotiable business. Notwithstanding these facts as stipulated, we have found that petitioner's profits upon its nonrenegotiable sales were not more than 5.24 per cent of such sales, whereas its profits upon its renegotiable sales were not less than 7.58 per cent of such sales. Petitioner has given no satisfactory explanation as to why its prices quoted to the Government or to Government contractors were such that it derived a considerably higher profit than that realized by it from sales it made to other customers of products substantially identical in character and produced at similar costs and under similar risks. Its first attempted explanation of this difference was that the renegotiable sales were mainly of small jobs upon which the prices quoted are higher. However, the record does not support this explanation. Petitioner's vice president admitted upon cross-examination that one of the probable causes for a higher profit on renegotiable sales was that, in the case of these sales, there was an excessive estimate of the cost which was anticipated.

Respondents ask, however, that petitioner's profits be redetermined to be excessive to the extent of $15,000. This $5,000 increase is based upon the allegation in the answer, and denied in the reply, that a bonus of $17,500 paid by petitioner at the close of 1942 to its three executive officers and its engineer did not represent reasonable compensation for services rendered by the recipients, but was in the nature of a dividend distribution to them as stockholders.

Of the total bonus of $17,500 paid, $5,735 was allocated to petitioner's renegotiable business and was accepted and allowed by respondents as an expense of that business in computing the net profit upon which an excessive profit of $10,000 was determined.

The burden is accordingly upon the respondents to establish that these bonuses were in fact distributions of earnings or unreasonable compensation for services. *Nathan Cohen, supra; Aircraft Screw Products Co., supra.* We think they have failed to carry this burden.

There is no proof in the record even tending to show that the bonuses in question do not represent reasonable compensation. The only evidence is to the contrary. All the recipients of the bonuses are men of high technical knowledge and experience and are directing the activities of a very successful business. The amounts of the bonuses were not in proportion to the stockholdings of the recipients. The payment of these bonuses was not unusual in the history of the company. They were paid under a fixed policy of the company. Bonuses in these identical amounts were paid to these same in-

dividuals in each of the six years from 1940 to 1945, inclusive. Moreover, the Government, through the Commissioner of Internal Revenue, in computing net income of petitioner for 1942 for income tax purposes, allowed the deduction of the payments in that year to these officers, including the bonuses, as ordinary and necessary business expenses.

It is accordingly our conclusion that the bonuses in question represent reasonable compensation. Of the total of $17,500, the sum of $5,735 allocated to petitioner's renegotiable business represents an allowable expense subject to deduction in computing the net profits subject to renegotiation.

Thus, respondents have failed to carry their burden in establishing the basis of fact upon which they rely for the increase of $5,000 in the disputed excessive profits. The increase is, therefore, denied.

*An order will issue in accordance herewith.*